5/4/21 DL

# PROMISSORY NOTE

<u>**$715,000**</u>
May 5, 2021<br>Melville, NY

    **FOR VALUE RECEIVED**, the undersigned, SAFE HARVEST MEDICAL, LLC a Wyoming limited liability company with its principal offices located at 201 E. 5th Street, Suite 1200, Sheridan, WY 82801 ("Maker"), promises to pay to **MCGRAW CAPITAL PARTNERS, LLC,** a New York limited liability company ("Payee") or order, at 68 S. Service Road, Suite 100, Melville, NY, 11747, or such other address as may be directed in writing, the principal sum of Seven Hundred and Fifteen Thousand ($715,000.00) Dollars (the "Amount of Note"), or so much thereof as may be advanced and outstanding, together with interest thereon ("Interest") at the *absolute* rates as follows:

    (i)        Ten (10%) percent (the "Interest Rate"), due on the date that is four (4) weeks herefrom (the "Initial Payment Due Date"), so that $715,000 + $71,500 = $786,500 that is due and payable to Maker;

    (ii)       There will be a grace period of 14 days following the Initial Payment Due Date (the "Initial Payment Expiration Date"), during which time Interest will continue to accrue at the Interest Rate;

    (iii)      Commencing on the date immediately following the Initial Payment Expiration Date, the Interest, plus an additional *absolute* rate of 2.5% (the "Additional Interest"), will accrue on the Amount of Note then outstanding, and shall continue to accrue until ninety-one (91) days after the date of the advance (the "Maturity Date").

    **1. <u>Payment of Principal and Interest; Default Interest</u>.** Each advance of principal by Payee shall be repaid in full together with Interest and Additional Interest thereon, as applicable, until and including the Maturity Date. In the event that the Amount of Note, plus all accrued Interest and Additional Interest thereon, is not paid in full by the Maturity Date, default interest at the rate of twenty-four (24%) percent per annum ("Default Interest") shall automatically accrue on the then outstanding Amount of Note, and all accrued and unpaid Interest and Additional Interest, commencing on the date immediately following the Maturity Date, and continuing until the Amount of Note, plus all Interest and Additional Interest, is paid in full. By way of example, if all amounts due are not paid until the day immediately following the Maturity Date, the total amount due, inclusive of Default Interest, would be $804,375. Default Interest shall be computed on the basis of a three hundred sixty-five day (365) year, actual days elapsed.

    **2. <u>Credit of Payments</u>.** Each payment under this Note shall be credited in the following order: (a) costs, fees, charges and advances paid or incurred by Payee and for

1

**EXHIBIT F**

5/4/21 DL

which the Maker is obligated under the terms herein; (b) interest payable under this Note; and (c) principal under this Note. All installments of principal and interest of this Note shall be payable in lawful money of the United States of America.

**3. Attorneys' Fees.** Maker agrees to pay the following costs, expenses, and attorney fees paid or incurred by Payee, or adjudged by a court: (a) reasonable costs of collection and costs, expenses, and attorney fees paid or incurred in connection with the collection or enforcement of this Note, whether or not suit is filed; (b) reasonable costs, expenses, and attorney fees paid or incurred in connection with representing Payee in any bankruptcy, reorganization, receivership, or other proceedings affecting creditors' rights and involving a claim under this Note; and (c) costs of suit and such sum as the court may adjudge as attorney fees in any action to enforce payment of this Note or any part of it.

**4. Events of Default.** It is expressly agreed that an "Event of Default" hereunder shall occur: (a) upon the failure of the Maker to timely make any payment due hereunder or under any other note, instrument or agreement between the Maker and the Payee, when due, provided, however, that Maker shall have five (5) Business Days to cure such breach ("Business Day" means a day other than Saturday, Sunday or other day on which commercial banks in New York are authorized or required by law to be closed); (b) upon the Maker's material breach of any non-payment obligation hereunder or under the Financing Agreement or any other instrument or agreement between the Maker and the Payee, beyond any applicable cure periods; (c) upon the Maker's material breach of any substantive non-payment obligation under the Financing Agreement; (d) upon the filing by or against the Maker of a petition in bankruptcy or similar petition (which, in the case of an involuntary petition, is not dismissed within sixty (60) days of the filing thereof); (e) upon the sale, transfer, consolidation, liquidation, or reorganization of the Maker; or (f) upon the disposition of all or substantially all of the assets of the Maker.

**5. Remedies.** Upon the occurrence of an Event of Default, the Payee may, at its option and upon giving ten (10) business days' advance written notice thereof to the Maker via certified or registered mail, return receipt requested, (A) declare the entire principal balance provided for under this Note, and under any other note, instrument or agreement made by Maker in favor of Payee, or so much hereof and thereof as may be outstanding, together with interest and costs, to be immediately due and payable.

**6. Waiver.** Maker, endorsers, and all other persons liable or to become liable on this Note waive presentment, protest, and demand; notice of protest, demand, and dishonor; and all other notices or matters of a like nature.

**7. Usury.** All agreements between Maker and Payee are expressly limited, so that in no event or contingency, whether because of the advancement of the proceeds of this Note, acceleration of maturity of the unpaid principal balance, or otherwise, shall the amount paid or agreed to be paid to Payee for the use, forbearance, or retention of the money to be

5/4/21 DL

advanced under this Note exceed the highest lawful rate permissible under applicable usury laws. If, under any circumstances, fulfillment of any provision of this Note or any other agreement pertaining to this Note, after timely performance of such provision is due, shall involve exceeding the limit of validity prescribed by law that a court of competent jurisdiction deems applicable, then, ipso facto, the obligations to be fulfilled shall be reduced to the limit of such validity. If, under any circumstances, Payee shall ever receive as interest an amount that exceeds the highest lawful rate, the amount that would be excessive interest shall be applied to reduce the unpaid principal balance under this Note and not to pay interest, or, if such excessive interest exceeds the unpaid principal balance under this Note, such excess shall be refunded to Maker. This provision shall control every other provision of all agreements between Maker and Payee.

**8. <u>Forbearance Not a Waiver</u>.** If Payee delays in exercising or fails to exercise any of its rights under this Note, that delay or failure shall not constitute a waiver of any Payee rights or of any breach, default, or failure of condition under this Note. No waiver by Payee of any of its rights or of any such breach, default, or failure of condition shall be effective, unless the waiver is expressly stated in a writing signed by Payee.

**9. <u>Binding Effect</u>.** This Note inures to and binds the heirs, legal representatives, successors, and assigns of Maker and Payee.

**10. <u>Severability</u>.** If any provision of this Note, or the application of it to any party or circumstance, is held void, invalid, or unenforceable by a court of competent jurisdiction, the remainder of this Note, and the application of such provision to other parties or circumstances, shall not be affected thereby, the provisions of this Note being severable in any such instance.

**11. <u>Time is of the Essence</u>.** Time is of the essence with respect to all obligations of Maker under this Note.

**12. <u>Waiver of Jury Trial</u>. PAYEE AND MAKER EACH WAIVE THEIR RESPECTIVE RIGHTS TO A TRIAL BY JURY OF ANY CLAIM OR CAUSE OF ACTION BASED ON, ARISING FROM, OR RELATED TO THIS NOTE OR THE TRANSACTIONS CONTEMPLATED BY THIS NOTE, IN ANY ACTION, PROCEEDING, OR OTHER LITIGATION OF ANY TYPE BROUGHT BY EITHER PARTY AGAINST THE OTHER, WHETHER WITH RESPECT TO CONTRACT CLAIMS, TORT CLAIMS, OR OTHERWISE. MAKER AND PAYEE AGREE THAT ANY SUCH CLAIM OR CAUSE OF ACTION SHALL BE TRIED BY A COURT TRIAL WITHOUT A JURY. WITHOUT LIMITING THE FOREGOING, THE PARTIES FURTHER AGREE THAT THEIR RESPECTIVE RIGHT TO A TRIAL BY JURY IS WAIVED BY OPERATION OF THIS SECTION AS TO ANY ACTION, COUNTERCLAIM, OR OTHER PROCEEDING THAT SEEKS, IN WHOLE OR IN PART, TO CHALLENGE THE VALIDITY OR**

5/4/21 DL

**ENFORCEABILITY OF THIS NOTE. THIS WAIVER SHALL APPLY TO ANY FUTURE AMENDMENTS, RENEWALS, SUPPLEMENTS, OR MODIFICATIONS TO THIS NOTE.**

**13. Loan Agreement.** This Note is given pursuant to that certain Trade Financing Agreement (the "Financing Agreement") between the Maker and Payee dated the same date as this Note, the provisions of which are incorporated herein by reference.

**14. Governing Law.** This Note and the rights and obligations of the parties under this Note shall be governed by, and construed and interpreted in accordance with, the law of the State of New York without regard to principles of conflict of laws thereunder.

**15. Mediation; Arbitration.**

(a) Mediation. Prior to commencement of an arbitration proceeding, any disputes arising out of or relating to this Agreement that Secured Party and Debtor are unable to resolve, shall be submitted for non-binding mediation conducted in accordance with the Commercial Mediation Rules of the American Arbitration Association ("AAA") at a mutually agreeable location. If the Parties are unable to agree on a location, the mediation shall be conducted at the offices of the AAA nearest to Suffolk County, New York by a single mediator. If the parties cannot agree on a mediator within fifteen (15) days following the election to mediate, the mediator shall be selected in accordance with the Commercial Mediation Rules of the AAA. The parties agree that statements made by either of them in any such mediation proceeding shall not be admissible for any purpose in a subsequent arbitration or other legal proceeding. If such dispute cannot be resolved through mediation, the parties agree to submit such dispute to arbitration.

(b) Arbitration. Any dispute that cannot be resolved through mediation pursuant to subsection (a) above, shall be subject to arbitration in accordance with the Commercial Arbitration Rules of the AAA at a mutually agreeable location. If the parties cannot agree on a location, the arbitration shall be conducted at the offices of the AAA nearest to Lead by a single arbitrator. If there is a sufficient interstate component to this Agreement, the arbitration proceedings shall be governed by the Federal Arbitration Act. Any award given by the arbitrator shall be in writing, shall state the reasons for the award, including any findings of fact and conclusions of law, and shall explain the manner in which any awarded damages are calculated. The parties waive, to the fullest extent permitted by law, any right or claim to any punitive or exemplary damages against the other and agree that any award shall be limited to the recovery of any damages authorized by this Agreement. The arbitration award shall be binding upon the parties and may be entered and enforced in any court of competent jurisdiction.

**16. Waiver of Jury Trial.** EACH OF MAKER AND PAYEE HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT TO A TRIAL

5/4/21 DL

BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION ARISING HEREUNDER, OR IN ANY WAY CONNECTED WITH OR RELATED TO THE DEALINGS OF THE PARTIES HERETO, WHETHER NOW EXISTING OR HEREAFTER ARISING. EACH PARTY FURTHER WAIVES ANY RIGHT TO CONSOLIDATE ANY SUCH ACTION IN WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT OR HAS NOT BEEN WAIVED.

17. **Prevailing Party Attorneys' Fees.** In the event that either party finds it necessary to retain counsel in connection with the interpretation, defense, or enforcement of this Note, the prevailing party shall recover its reasonable attorney's fees and expenses from the unsuccessful party. It shall be presumed (subject to rebuttal only by the introduction of competent evidence to the contrary) that the amount recoverable is the amount billed to the prevailing party by its counsel and that such amount will be reasonable if based on the billing rates charged to the prevailing party by its counsel in similar matters.

The Maker may prepay this Note in whole or in part without premium or penalty at any time.

Notwithstanding anything to the contrary herein, the Maker shall have the right to terminate this Note on the terms and conditions set forth in the Financing Agreement.

The Maker hereby waives presentment and demand for payment, notice of dishonor, protest and notice of protest of this Note, and agrees to pay all costs of collection when incurred, including reasonable attorneys' fees, and to perform and comply with each of the covenants, conditions, provisions and agreements of the Maker contained in this instrument. No extension of time for payment of this Note, or any installment hereof, and no alteration, amendment, or waiver of any provision of this Note, by or between the Payee and any other person or party, shall release, discharge, modify, change, or affect the liability of the Maker under this Note.

*{Remainder of page intentionally blank}*

*{Signature page follows}*

5/4/21 DL

    This Note may not be changed orally, but only by an agreement in writing, signed by the party against whom enforcement of any waiver, change, modification or discharge is sought.  No remedy conferred upon Payee is intended to be exclusive of any other remedy and each and every such remedy shall be cumulative and shall be in addition to every other remedy given hereunder now or hereafter existing at law or in equity by statue or otherwise. No course of dealing with Payee or any delay in exercising any rights hereunder shall operate as a waiver of any rights of Payee.  The acceptance by Payee of payment of any sum payable hereunder after the due date of such payment shall not be a waiver of Payee's right to either require prompt payment when due of all other sums payable hereunder, accelerate the entire principal balance of this Note pursuant to the terms hereof, or otherwise exercise any of Payee's remedies hereunder or otherwise pursuant to applicable law for failure to make prompt payment.

Executed as of the date first written above.

                                        SAFE HARVEST MEDICAL, LLC


                        By:     _____
                                        Name:  Garrett E. Mann
                                        Title:   President